IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY RICHARDSON, JR., ) | | |
| ID # 1129102, ) | | |
|     Petitioner, ) | | |
| ) | | |
| vs. ) | No. 3:07-CV-1010-D (BH) | |
| ) | | |
| NATHANIEL QUARTERMAN, Director, ) | Referred to U.S. Magistrate Judge | |
| Texas Department of Criminal ) | | |
| Justice, Correctional Institutions Division, ) | | |
|     Respondent. ) | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Dallas County conviction in Cause No. F01-75463-PL for aggravated sexual assault.[1] Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

Petitioner was convicted in Cause No. F01-75463-PL on September 6, 2002. CR[2] at 34 (judgment). The court of appeals affirmed that conviction on October 26, 2003. *Richardson v. State*, No. 11-02-00291-CR, 2003 WL 22411661, at *4 (Tex. App. – Eastland Oct. 23, 2003, no pet.)

---

[1] Although petitioner identifies the conviction as Cause No. F02-754663-PL, the correct cause number is provided the state records provided in this case.

[2] "CR" refers to the Clerk's Record in Cause No. F01-75463-PL.

Petitioner filed no petition for discretionary review ("PDR"). Eleventh Court of Appeals, http://www.11thcoa.courts.state.tx.us/opinions/case.asp?FilingID=6255 (accessed Feb. 27, 2009).[3] He has also filed no state habeas application for writ of habeas corpus that has been accepted by the Texas Court of Criminal Appeals.[4] *See* Texas Court of Criminal Appeals, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=146869 (accessed Feb. 27, 2009).

The Court received petitioner's federal petition for writ of habeas corpus on June 7, 2007.[5] (Pet. Writ of Habeas Corpus ("Pet.") at 1.) He claims (1) ineffective assistance of counsel at trial; (2) insufficient evidence to support the conviction; (3) prosecutorial misconduct based upon a comment on petitioner's failure to testify; and (4) the complainant made inconsistent statements. (Pet. ¶ 20.) On September 28, 2007, respondent asserts that the instant petition is untimely and unexhausted. (Resp.'s Prelim. Resp. at 2-7.) Petitioner thereafter filed a reply brief wherein he contests the lack of exhaustion while conceding the untimeliness of his petition. (*See* Petr.'s Reply at 1-3.) He explains that the petition is untimely because he was misled in November 2006, and because he lacked knowledge of the federal avenue for habeas relief and its statute of limitations. (*Id.* at 2-3.)

## II. STATUTE OF LIMITATIONS

Notwithstanding the alleged failure of petitioner to exhaust his state remedies, the Court may

---

[3] Petitioner contends that he filed a PDR that was denied, (Pet. ¶ 9), but the record does not support his contention.

[4] Petitioner contends that he filed a state writ in November 2006, but it was returned in February 2007. (*See* Pet. ¶ 11.) With his reply brief, he attaches supporting documentation. (*See* Attachments to Petr.'s Reply.)

[5] Under the prison mailbox rule, a federal habeas petition is deemed filed when the prisoner delivers the petition to prison authorities for mailing to the court. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). The record does not reflect when petitioner tendered his petition to the prison authorities for mailing, but it was "filed" sometime near June 7, 2007, the date that this Court received the federal petition. Because the precise date of its filing makes no difference to the outcome of this action, the Court utilizes June 7, 2007, as the date of filing.

deny the instant "writ of habeas corpus . . . on the merits." *See* 28 U.S.C. § 2254(b)(2). Such a denial may be predicated on the untimeliness of the petition. *See Scott v. Johnson*, 227 F.3d 260, 262-63 (5th Cir. 2000). Accordingly, this Court considers whether petitioner timely filed the instant federal petition despite the alleged failure to exhaust his state remedies.

**A. <u>Antiterrorism and Effective Death Penalty Act of 1996</u>**

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

In this case, petitioner appealed his convictions but filed no PDR. The state conviction therefore becomes final for purposes of § 2244(d) upon the expiration of the time for seeking further review through the filing of a PDR, *i.e.*, thirty days after the appellate court rendered its judgment

on October 23, 2003. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance upon the date of mandate and relying on TEX. R. APP. P. 68.2 for the thirty day period to file a PDR). If the thirtieth day "is a Saturday, Sunday, or legal holiday, the period extends to the first day that is not a Saturday, Sunday, or legal holiday." Tex. R. App. P. 4.1(a). Because the thirtieth day in this case falls on a Saturday, petitioner's state judgment of conviction became final on Monday, November 24, 2003.

With regard to subparagraph (D), the Court determines that the facts supporting the claims raised in the instant petition for habeas relief also became known or could have become known prior to the date petitioner's state judgment of conviction became final on November 24, 2003.

Because petitioner does not base his petition on any new constitutional right under subparagraph (C), November 24, 2003 commences the limitations period unless petitioner shows a State-created impediment that provides a later commencement date. Although petitioner alleges in his reply brief that he was mislead in November 2006 about the filing of his state application for writ of habeas corpus (*see* Petr.'s Reply at 2-3), his allegation does not satisfy the requirements for a state-created impediment in § 2244(d)(1)(B). "[T]he prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). While this section does not define what constitutes an "impediment", its "plain language . . . makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002). Whatever happened in November 2006 did not prevent petitioner from timely filing the instant federal petition. Consequently, there is no State-created impediment that prevented petitioner from

4

timely filing the instant action, and the one-year statute of limitations is calculated from the date petitioner's judgment of conviction became final on November 24, 2003.

Because petitioner filed his petition more than one year after his conviction became final, a literal application of § 2244(d)(1) renders his June 2007 filing untimely.

**B. Tolling**

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which his state habeas application was pending before the Texas state courts. *See also Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

In this instance, there is no record that petitioner filed a state habeas application that was accepted by the Texas Court of Criminal Appeals. Moreover, even accepting that he filed such a state application in November 2006 (*see* Pet. ¶ 11; Petr.'s Reply at 1-2), the statutory limitations period had already expired by that time. Accordingly, the statutory tolling provision does not save petitioner's June 2007 federal petition.

In addition, nothing in the petition indicates that rare and exceptional circumstances warrant

equitable tolling.[6] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling); *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998) (same). Petitioner urges equitable tolling because he was misled in November 2006, and because he lacked knowledge of the federal avenue for habeas relief and it accompanying procedures requiring the timely filing of a federal petition. (Petr.'s Reply at 2-3.) Because the federal limitations period had already expired by the time petitioner was allegedly misled, his allegation provides no basis for equitable tolling. Furthermore, "ignorance of the law or of statutes of limitations is insufficient to warrant tolling." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). That petitioner proceeds without counsel likewise does not warrant tolling. *Id.* at 171. Neither unfamiliarity with the legal process nor "lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

Because neither statutory nor equitable tolling save petitioner's June 2007 filing, the filing falls outside the statutory period of limitations and should be deemed untimely.

## II. EVIDENTIARY HEARING

Based upon the information before the Court, the instant action is untimely and an evidentiary hearing appears unnecessary.

---

[6] Relying on *Bowles v. Russell*, 127 S. Ct. 2360 (2007), respondent argues that equitable tolling is no longer available in federal habeas actions. (*See* Resp.'s Prelim. Resp. at 4.) However, the Fifth Circuit has specifically rejected such argument. *See Coker v. Quarterman*, 270 Fed. App'x 305, 308 n.1 (5th Cir. 2008) (per curiam). Furthermore, as noted in the Eastern District of Texas: "Respondent overlooks the fact that *Bowles* referred to time limits which are *jurisdictional*, such as notices of appeal, and the habeas corpus statute of limitations is not jurisdictional." *Patterson v. Director, TDCJ-CID*, No. 6:07-CV-326, 2007 WL 4368583, at *6 n.2 (E.D. Tex. Dec. 13, 2007) (adopting recommendation of Mag. J.). In the absence of a specific pronouncement by the Fifth Circuit or the Supreme Court, this Court continues to consider equitable tolling in federal habeas actions.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 28th day of February, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE